IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## RODNEY LAMONT LOVE v. STATE OF TENNESSEE

**Criminal Court for Davidson County
No. 98-C-2232**

**No. M2009-00036-CCA-R3-PC - Filed August 27, 2009**

The Appellant appeals the trial court's dismissal of his petition for post conviction relief. The Appellant filed his petition outside the statute of limitations. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH, and ROBERT W. WEDEMEYER, J.J., joined.

Rodney Lamont Love, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant pled guilty in these cases in January of 1999. He received an effective five year sentence. Although his sentence in this case has expired, the Appellant is currently serving a federal sentence which apparently was enhanced based on his convictions in this case. The Appellant filed the instant petition for post-conviction relief on October 30, 2008. The trial court concluded that the petition was filed beyond the statute of limitations and summarily dismissed the same. The Appellant appealed. The State filed a motion to affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20. The Court finds this motion to be well-taken.

The Appellant's post-conviction petition is clearly barred by the statute of limitations. Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year of final judgment. The Appellant filed his petition well over nine years after the entry of his guilty pleas. The Post-Conviction Procedure Act enumerates few exceptions to this one year time limit. See Tenn. Code Ann. § 40-30-102(b). In order to qualify,

the claim in the petition must be based upon a new rule of constitutional law requiring retrospective application, must be based upon new scientific evidence establishing actual innocence, or must assert relief from sentences which were enhanced because of a previous conviction that has subsequently found to be illegal. Id. None of these exceptions apply in this case.

The Appellant argues on appeal that due process concerns should toll the running of the statute of limitations because otherwise he will not be afforded the opportunity to challenge his state court convictions which were used to enhance his federal sentence. The Appellant's argument is without merit. See, e.g., Jason Earl Hill v. State, No. E2005-00968-CCA-R3-PC, 2006 WL 389667 (Tenn. Crim. App., Feb. 16, 2006), perm. to app. denied, (Tenn., Sep. 5, 2006) (tolling of statute not required when petitioner waited to file post-conviction petition until after his federal sentence enhanced based on prior state convictions).

For the reasons stated above, the judgment of the trial court is affirmed in accordance with Rule 20.

_____
THOMAS T. WOODALL, JUDGE

2